# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CAROLYN GAINES-VARNER, ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO: 2:15-cv-116-WHA |
| ) | |
| ) | |
| ) | JURY DEMAND |
| VS. ) | |
| ) | |
| LEGAL SERVICES ALABAMA, INC., ) | |
| an Alabama Corporation, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Come now the Plaintiff, Carolyn Gaines-Varner, by and through her attorney, Faya Rose Toure, and files the following complaint against the Defendant:

### STATEMENT OF THE PARTIES

1. Plaintiff Carolyn Gaines-Varner is a 63-year-old African American female resident of Dallas County, Alabama. She was first employed by the defendant's predecessor organization beginning October 1, 1979, and continued to work for Defendant after it merged into a new corporation from three predecessor organizations in 2004. Plaintiff was summarily dismissed and discharged from her employment with Defendant Legal Services Alabama, effective September 26, 2013.

2. Defendant Legal Services Alabama is a non-profit corporation organized under the laws of the State of Alabama, whose registered principal office is 2567 Fairlane Drive, Montgomery, Alabama. Defendant is engaged in the service of providing free legal services to indigent persons in the State of Alabama.

## JURISDICTION AND VENUE

3. This action involves the discharge of Plaintiff by Defendant based upon her real or perceived disability in violation of the Americans with Disabilities Act, while Plaintiff was employed at Defendant's operations in Dallas County, Alabama.

4. This Court has original jurisdiction in this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e-5, inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., and the American with Disabilities Act, prohibiting employers from discriminating against employees on the basis of real or perceived disabilities.

5. This District Court possesses venue of this matter pursuant to 42 U.S.C. Section 2000e-5(f)(3). The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for disability discrimination. The amount in controversy exceeds the jurisdictional limits of this Court.

6. Plaintiff filed a claim for discrimination with the United States Employment Opportunity Commission (EEOC) alleging violations of Title VII of the Civil Rights Act of 1964, including violations of age discrimination and disability discrimination in her discharge from Defendant.

7. On November 18, 2014, the EEOC issued notice of dismissal and of the Plaintiff's right to sue Defendant on his claims of age discrimination and handicap discrimination under Title VII of the Civil Rights Act of 1964, which Plaintiff received on November 20, 2018.

8. Plaintiff files this Complaint for relief within the ninety (90) days after receipt of the notice of his right to sue, as required by required by Title VII.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff was hired by Legal Services Corporation of Alabama, Inc., Defendant's predecessor organization, on October 1, 1979, as the Senior Staff Attorney at its Selma Regional Office.

10. Defendant was promoted to Managing Attorney of that office in about 1984, and continued to serve in said capacity until 2014, when Defendant Legal Services Alabama, Inc., was formed from the merger of three previous legal serves programs.

11. Upon the merger of the three programs, Plaintiff applied for and was promoted to Defendant's (Southern) Regional Director, and was based in the Selma Office. In said capacity, in addition to her administrative and supervisory duties, Plaintiff continued to conduct intake of new clients and continued to represent Defendant's clients in civil matters.

12. Plaintiff applied for the position of Executive Director of Legal Services Alabama in 2002. Subsequently, James Fry, a white mail, also applied and was hired as the regional directorship of the southernmost region, based in Mobile.

13. Upon the resignation of Defendant's Executive Director in 2006, Plaintiff and Mr. James Fry both applied for Executive Director. Mr. James Fry, a white male who had been employed by the Defendant for only three years, was hired.

14. Upon assuming the Executive Director position, Mr. Fry met with the Plaintiff and informed her that he was eliminating the Regional Director positions, was considering adding a Deputy Director position, and he was considering another white male (with five years tenure) for said Deputy Director.

15. Plaintiff advised Mr. Fry that she would also apply for any deputy directorship. Plaintiff advised Mr. Fry that she wished to apply for the Deputy Director position should one become available, as she had more legal services experience, was qualified for the job, and she objected to the lack of diversity among top management.

16. Mr. Fry offered Plaintiff the community economic development position that was previously occupied by Carl Salle, assuring her that her acceptance of that position would ensure that she would always be hired so long as he was executive director.

17. Plaintiff accepted the position of CED Advocacy Director upon Mr. Fry's assurance that Plaintiff would always have a job with Defendant as long as he was Executive Director.

18. In February, 2010, Plaintiff suffered a brain aneurism which caused her to take sick leave for several weeks to recuperate.

19. After treatment and rehabilitation, Plaintiff recovered, except that her driving ability became limited and she has problems with her physical mobility.

20. Plaintiff's mind, performance and work ethic did not suffer.

21. Plaintiff resumed her normal duties in the Selma Office and continued to receive excellent evaluations.

22. Plaintiff's regular duties included interviewing, representing and advising clients in the Selma Office, and carrying a specialized caseload.

23. After the aneurysm Defendant was asked several times about by management when she would retire; and each time, Plaintiff responded that it would not be before age 65.

24. Defendant's Executive Director continued to tell Plaintiff that Plaintiff would always have a job with Defendant so long as he was Executive Director, a statement upon which Plaintiff justifiably relied.

25. In July 2013, Defendant decided that a staff reduction was necessary for budgetary reasons.

26. Defendant's senior management decided to eliminate staff but advised that elimination of positons would not necessarily mean elimination of particular staff persons.

27. Plaintiff was terminated by Defendant, effective September 26, 2013, even though Plaintiff had more seniority than the only remaining attorney left to serve the Selma Office and most other Legal Services workers statewide.

28. Plaintiff had in the past worked as Managing Attorney, Senior Attorney and casehandler, and was capable of serving in any capacity required by the office.

29. The administration and management of Defendant had no written criteria used to determine who would be terminated under its retrenchment plan.

30. On information and belief, Defendant terminated Plaintiff due to her disability and age.

31. The Defendant denied Plaintiff's appeal to be heard by the Board or management administration regarding her termination, and/or the impact Plaintiff's termination would have on her disability.

32. Plaintiff's health and finances were devastated by Defendant's actions.

33. Because of Plaintiff's termination, Plaintiff was caused to suffer decrease in her wages, loss of insurance, loss of retirement benefits and other damages due to her disability caused by her brain aneurysm and age.

34. Plaintiff was terminated from her position with the Selma Office, based on her real or perceived disability.

35. Within a few months after Plaintiff's discharge, Defendant rehired an attorney for the Selma Office without re-hiring Plaintiff, or offering the attorney position to Plaintiff.

WHEREFORE, Plaintiff Carolyn Gaines-Varner, demands judgment against Defendant in an amount which will compensate him for:

   a. Violation of her rights under Title VII of the Civil Rights Act of 1964;

   b. Violation of her rights under the Rehabilitation Act.

   c. Violation of her rights under the American Disabilities Act.

   d. Compensatory damages including lost wages, physical pain embarrassment, emotional distress and humiliation;

   e. Compensatory damages for loss of benefits such as medical benefits, life insurance and other benefits.

 f. Punitive damages to punish Defendant for its willful, wanton, oppressive, malicious and grossly negligent conduct;

 g. Costs expended herein, including reasonable attorneys' fees;

 h. Pre-judgment and post-judgment interest; and

 i. Any and all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Faya Rose Toure*
FAYA ROSE TOURE (SAN021)

FAYA ROSE TOURE (SAN021)
Attorney At Law
Post Office Box 1290
Selma, AL 36702
ATTORNEY FOR THE PLAINTIFF

*/s/ Faya Rose Toure*

**Faya Rose Toure (SAN021)**

**OF COUNSEL:**

**CHESTNUT, SANDERS & SANDERS, LLC**
**One Union Street**
**P.O. Box 1290**
**Selma, AL 36702-1290**

## JURY DEMAND

Plaintiffs renew their request for trial by struck jury.

_____
**Faya Rose Toure (SAN021)**