IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **CAROLYN GAINES-VARNER,**         ) | |
| ) | |
| Plaintiff,         ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v.         ) | **2:15-cv-00116-WHA-WC** |
| ) | |
| **LEGAL SERVICES ALABAMA, INC.,** an         ) | |
| Alabama Corporation,         ) | |
| ) | |
| Defendant.         ) | |

### DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

Legal Services Alabama, Inc. ("LSA"), Defendant in the above-styled action, pursuant to Fed. R. Civ. P. 12(e), moves this Court to require Plaintiff to more definitely state her claims.[1] (Complaint, Doc. 1). Though Plaintiff references several laws, she lays out factual allegations sufficient to pass the standard of *Twombly/Iqbal* with respect to only one count, the Americans with Disabilities Act. As grounds for a more definite statement of Plaintiff's claims, LSA shows as follows:

**I.     Plaintiff has failed to comply with Fed. R. Civ. P. 8 and 10, resulting in a confusing complaint which should be repleaded.**

Federal Rule of Civil Procedure 8(a) requires Plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 10(b) requires that a plaintiff "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." These two Rules "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the

---

[1] Defendant reserves and does not waive its right to assert any other defenses, including those under Fed. R. Civ. P. 12(b), depending on the content of Plaintiff's Amended Complaint, if she is ordered to provide one.

court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *Grimsley v. Marshalls of MA, Inc.*, 284 Fed. Appx. 604, 610 (11th Cir. 2008) (*citing Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 n.57 (11th Cir. 2008) (quotation marks omitted)). In her Complaint, Plaintiff refers to or implies five potential legal actions: the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Rehabilitation Act, Title VII, and breach of contract. As identified below, a significant source of this confusion is Plaintiff's failure to separate her claims into individual counts, instead using an *ad damnum* paragraph which seeks a variety of damages and also:

> demands judgment against Defendant in an amount which will compensate him [sic] for:
>
> a. Violation of her rights under Title VII of the Civil Rights Act of 1964;
>
> b. Violation of her rights under the Rehabilitation Act.
>
> c. Violation of her rights under the American Disabilities Act [sic].
>
> ….

As such, Plaintiff's Complaint fits the bill as a shotgun complaint: one in which unique claims are not placed in separate counts and in which specific factual allegations are not identified with each count. The appropriate response for a defendant facing a complaint "purporting to combine in one count multiple claims" is to move for a more definite statement pursuant to Rule 12(e). *See Davis*, 516 F.3d 955, 983; Fed. R. Civ. P. 12(e) (respondent may move for a more definite statement when the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response."). It is

"exactly backward" for a defendant faced with such a complaint to wait for discovery to determine the exact nature of claims it faces. *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014). Nor is it the Defendant's or the Court's role to rewrite the Complaint, especially for a party who is represented by counsel. *Washington v. Dep't of Children & Families*, 256 Fed. Appx. 326, 328 (11th Cir. 2007); *Bell v. J.B. Hunt Transp., Inc.*, 427 Fed. Appx. 705, 708 (11th Cir. 2011). As explained below, repleading in a manner consistent with Rules 8 and 10 will almost certainly simplify the Complaint and remove extraneous references to claims which are alluded to but clearly not supported by the allegations of the Complaint.

**II.     It is unclear if Plaintiff is bringing any counts other than an ADA claim.**

Plaintiff begins her Complaint by stating, "This action involves the discharge of Plaintiff by Defendant based upon her real or perceived disability in violation of the Americans with Disabilities Act, while Plaintiff was employed at Defendant's operations in Dallas County, Alabama." (Complaint, ¶3). Plaintiff also claims that she invokes the jurisdiction of this Court "to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for disability discrimination." (*Id.*, ¶5). Plaintiff claims to have exhausted an ADA claim before the EEOC. (*Id.*, ¶¶6-7). Later in the Complaint, Plaintiff describes that she had a brain aneurism in February 2010 and that LSA provided several weeks of sick leave for her to recuperate. (*Id.*, ¶18). Plaintiff alleges that she was terminated "due to her disability and age." (*Id.*, ¶30). She repeats this conclusory allegation, alleging, "Plaintiff was terminated from her position with the Selma Office, based on her real or perceived disability." (*Id.*, ¶34). The ADA is also one of the causes of action listed in Plaintiff's *ad damnum* paragraph. (*Id.*, at page 6).

The only other alleged violation of law which might be contained within Plaintiff's Complaint is a violation of the Age Discrimination in Employment Act. Plaintiff contends she administratively exhausted allegations of age discrimination before the EEOC. (Complaint, ¶¶6-7). She also conclusorily states that she believes she was terminated due to her age, though she does this only once. (*Id.*, ¶30). Conclusory statements such as these are not entitled to a presumption of truth and are inadequate on their own to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim, Plaintiff must allege facts that would make it <u>plausible</u> that she received less favorable treatment because of her age.[2] *Davis*, 516 F.3d 955, 974 (11th Cir. 2007) (in a disparate treatment discrimination case, a plaintiff "must provide 'enough factual matter (taken as true) to suggest' intentional race discrimination.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *Iqbal*, 556 U.S. 662, 680. Plaintiff has not satisfied this obligation. She does not contend that younger employees were retained, for instance. *See Henderson v. JP Morgan Chase Bank, N.A.*, 436 Fed. Appx. 935, 937-38 (11th Cir. 2011) (plaintiff's complaint of discrimination might have been sufficient if it alleged defendant gave preferential treatment to those outside of her protected class). She also does not reference the ADEA by title or statutory citation at any point in her Complaint, and she does not reference age discrimination in her *ad damnum* paragraph. (Complaint, p. 6). Accordingly, it is unclear that Plaintiff intended to plead such an action; but, if she did, the current pleading does not satisfy the requirements of *Iqbal/Twombly*, nor does it allege that age was the but-for cause of her termination. *See*

---

[2] Plaintiff ties questions about her potential retirement to her February 2010 brain aneurism, not her age. (Complaint, ¶23). Of course, questions about retirement are not in and of themselves evidence of discriminatory animus. *Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir. 1989) ("[R]emarks merely referring to characteristics associated with increasing age, or facially neutral comments from which a plaintiff has inferred discriminatory intent, are not directly probative of discrimination.").

4

*Hopkins v. Saint Lucie County Sch. Bd.*, 399 Fed. Appx. 563, 566 (11th Cir. 2010) (Plaintiff's claim for discrimination failed under *Iqbal/Twombly* because he had not pleaded facts that would allow an inference of differential treatment because of race); *Smith v. CH2M Hill, Inc.*, 521 Fed. Appx. 773, 774-75 (11th Cir. 2013) (affirming dismissal of ADEA claim for failure to meet but-for standard of *Gross v. FBL Fin. Svcs., Inc.*, 557 U.S. 167, 177-78 (2009), where *pro se* plaintiff alleged his termination was only "substantially motivated" by age); *see also McCray v. Auburn Univ. Montgomery*, 2011 WL 6140993, *4 (M.D. Ala.) (Albritton, J.) (plaintiff, who was denied a transfer after her position was eliminated, did not satisfy *Iqbal/Twombly* standard because she failed to allege that others outside her protected class filled her former position or the position she desired).

The Rehabilitation Act and Title VII are referenced in Plaintiff's Complaint, but nowhere in her Complaint does Plaintiff contend that she was aggrieved under either Act.[3] Plaintiff also does not allege that LSA is an entity covered by the Rehabilitation Act. Additionally, though Plaintiff surely does not intend to bring a frivolous claim for breach of an employment contract related to the loss of at-will employment, her Complaint alleges that LSA's Executive Director told her that she would have a job as long as he held that position and that Plaintiff "justifiably relied" on this statement. (Complaint, ¶24); *Wesson v. Huntsman Corp.*, 206 F.3d 1150, 1155-56 (11th Cir. 2000) (Company president's statement that "'as long as I have a company, you will always have a job'" was inadequate to alter the rule of employment at will); *Turner v. Newson*, 3 So.3d 913, 918 (Ala. 2008) (finding employee's performance of typical obligations of

---

[3] Plaintiff miscategorizes age and disability discrimination as violations of Title VII, which of course serves neither to create an actual Title VII claim nor to invalidate any sufficiently-pleaded claim under the ADA (42 U.S.C. §12101 *et seq.*) or the ADEA (29 U.S.C. §621 *et seq.*). (Complaint, ¶¶6-7).

5

employment could not satisfy employee's burden of proving substantial consideration to support alteration of at-will relationship). Because these are facially legally deficient and are not supported by any factual allegations, Plaintiff's Amended Complaint should eliminate references to such causes of action, to reduce confusion.

## CONCLUSION

A fair reading of Plaintiff's Complaint shows that only the ADA claim could satisfy the *Twombly/Iqbal* standard, and even then, just barely. Plaintiff's Complaint contains several references to age discrimination, but these never go beyond the conclusory. The references to other causes of action are simply puzzling and ought to be removed as Plaintiff rewrites her Complaint to separate the one or two claims that she is bringing into separate counts. *Anderson v. District Bd. of Trustees of Cent. Fla. Comm. Coll.*, 77 F.3d 364, (11th Cir. 1996) ("Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading.") (footnote omitted). Only then can Defendant and this Court know with certainty at the outset which claims Plaintiff is litigating. Accordingly, LSA respectfully requests this Court to order Plaintiff to replead her Complaint, using separate counts for each violation of law.

                Respectfully Submitted,

                s/Whitney R. Brown
                Whitney R. Brown ASB-4431-H71B
                David J. Middlebrooks ASB- 8553-D58D

OF COUNSEL:
LEHR MIDDLEBROOKS VREELAND
 & THOMPSON, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002
Fax: (205) 326-3008

## CERTIFICATE OF SERVICE

     I hereby certify that on May 11, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Faya Rose Toure, Esq.
        Chestnut, Sanders & Sanders, LLC
        Post Office Box 1290
        Selma, AL 36702

        s/Whitney R. Brown
        OF COUNSEL

477912.docx