# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CAROLYN GAINES-VARNER,  )  )  Plaintiff  )  )  )  VS.  )  )  LEGAL SERVICES ALABAMA, INC.,  )  an Alabama Corporation,  )  )  Defendant.  ) | CIVIL ACTION NO: 2:15-cv-116-WHA |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

Come now the Plaintiff, Carolyn Gaines-Varner, by and through her attorney, Faya Rose Toure, and responds to Defendant's Motion for More Definite Statement as follows:

1. Plaintiff's Complaint complies with Federal Rules of Civil Procedure, Rules 8 and 10.

2. Federal Rules of Civil Procedure, Rule 12(e) only allows a party to move for a more definite statement when the Plaintiff's Complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." FRCP 12(e).  "In general, motions for a more definite statement are disfavored under the liberal pleading approach of the Federal Rules." Faulk v. Home Oil Co., 173 F.R.D. 311, 313 (M.D. Ala. 1997).  "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." Faulk

v. Home Oil Co., 173 F.R.D. 311, 313 (M.D. Ala. 1997), quoting Aventura Cable Corp. v. Rifkin/Narragansett S. Florida CATV Ltd. P'ship, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996)

3. Plaintiff's complaint clearly establishes the legal grounds underlying her claim for relief under the Americans with Disabilities Act by alleging that "this action involves the discharge of Plaintiff by Defendant based upon her real or perceived disability in violation of the Americans with Disabilities Act, while Plaintiff was employed at Defendant's operations in Dallas County, Alabama." Complaint, 3.

4. Similarly, Plaintiff clearly states the legal basis for her age discrimination charge, alleging "violations of Title VII of the Civil Rights Act of 1964, including violations of age discrimination…." Complaint, 6.

5. Plaintiff's complaint even goes further than is required by the Federal Rules of Civil Procedure, by alleging facts sufficient to establish a prima facie case of both age and disability discrimination.

6. In order to establish a prima facie case of age discrimination, Plaintiff must show: (1) that she was a member of the protected group of persons between the ages of forty and seventy; (2) that she was subject to adverse employment action; (3) that a substantially younger person filled the position that she sought or from which she was discharged; and (4) that she was qualified to do the job for which she was rejected." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir.1999).

7. In order to establish a prima facie case under the Americans with Disabilities Act the Plaintiff must show that: (1) she has a disability; (2) she is a qualified individual; and (3) she was discriminated against because of her disability. Harris v. H & W Contracting Co., 102 F.3d 516, 519 (11th Cir. 1996)

8. Plaintiff's complaint clearly describes the factual nature of the disability discrimination she suffered. The complaint alleges that "In February, 2010, Plaintiff suffered a brain aneurism which caused her to take sick leave for several weeks to recuperate." Complaint, 18.  It also alleges that "Plaintiff recovered, except that her driving ability became limited and she has problems with her physical mobility." Complaint, 19.  The Complaint goes on to allege that "Plaintiff's mind, performance and work ethic did not suffer," Complaint, 20 and that afterwards she "continued to receive excellent evaluations."  Complaint, 21.

9. Plaintiff's Complaint also describes efforts before her termination to force her out of the workplace due to her age and disability.  She was asked, "several times," by management, "when should would retire."  Complaint, 23.  Plaintiff further explained the discriminatory intent of the Defendant by alleging that "there was no written criteria used to determine who would be terminated under its retrenchment plan." Complaint, 29.    Plaintiff goes on to allege specifically that the impetus behind her termination was "her disability and age."  Complaint, 30.

10. With reference to her age discrimination claims, Plaintiff alleged adequate facts to afford the Defendant notice as to the nature of the claims against it.  In addition to outlining the Defendants' efforts to force her into retirement due to her age, Plaintiff clearly asserts that "Plaintiff had more seniority than the only attorney left to serve the Selma Office and most other legal Services workers statewide." Complaint, 27.

**Wherefore,** Plaintiff requests that this honorable court deny the Defendant's Motion for a More Definite Statement and that Defendant be required to answer, plead or otherwise defend..

Respectfully submitted,

/s/ Faya Rose Toure_____
   Faya Rose Toure (SAN021)

FAYA ROSE TOURE (SAN021)
Attorney At Law
Post Office Box 1290
Selma, AL  36702
ATTORNEY FOR THE PLAINTIFF

## Certificate of Service

     This is to certify that I have this day served a copy of the foregoing Plaintiff's Response to Defendant's Motion for A More Definite Statement, by emailing a copy of the same to each of opposing counsel, and depositing a a copy of the same to defense counsel, properly addressed to them with postage prepaid, this 21st day of May, 2015.

/s/ Faya Rose Toure_____
   Faya Rose Toure (SAN021)