IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN GAINES-VARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 2:15cv116-WHA |
| LEGAL SERVICES ALABAMA, INC., | ) | (wo) |
| an Alabama corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion for More Definite Statement (Doc. #6), filed by the Defendant, Legal Services Alabama, Inc.

The Plaintiff, Carolyn Gaines-Varner, filed a Complaint in this case on February 17, 2015 (Doc. #1). The Complaint does not state separate counts for relief. Instead, it contains a statement of the parties, a section establishing jurisdiction and venue, a fact section, and an *ad damnum clause*.

The jurisdictional statement of the Complaint refers to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, alleges that the amount in controversy exceeds the jurisdictional limits of the court, refers to age discrimination, and asserts that the Plaintiff received a notice of dismissal and right to sue from the EEOC.

The fact section of the Complaint alleges that the Plaintiff applied for a position of Executive Director, but the position was given to a white male, and she objected to a lack of diversity in top management. (Doc. #1 at p.4).

The Complaint also alleges that the Plaintiff relied on an assurance that she would be hired

as long as James Fry was the Executive Director of the Defendant.

The Plaintiff alleges in her Complaint that she was asked by the Defendant about when she would retire.

The Plaintiff alleges that she was terminated on the basis of her disability and age.

In the *ad damnum* clause of her Complaint, the Plaintiff states that she seeks damages for violation of her Title VII rights, her rights under the Rehabilitation Act, and her rights under the Americans with Disabilities Act, and seeks compensatory and punitive damages and other relief.

The Defendant seeks to have the Plaintiff file a new Complaint which will specify which claims are being asserted.

For reasons to be discussed, the Motion for More Definite Statement is due to be GRANTED.

## II.  STANDARD FOR MOTION FOR MORE DEFINITE STATEMENT

Pursuant to Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading...."  A Motion for More Definite Statement is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail. *Faulk v. Home Oil Co., Inc.*,173 F.R.D. 311, 313 (M.D. Ala. 1997).

## III.  DISCUSSION

The Defendant moves for more definite statement on the ground that the Plaintiff's

Complaint does not comply with Fed. R. Civ. Pro. 8[1] and 10[2] because the Plaintiff refers to different statutes, but does not separate out the claims and the facts relevant to those claims in the Complaint. The Defendant reads the Complaint as potentially bringing five claims: a claim for violation of the Americans with Disabilities Act, a claim for violation of the Age Discrimination in Employment Act, a claim for violation of the Rehabilitation Act, a Title VII claim, and a state law breach of contract claim. The Defendant further argues that the Plaintiff has not stated enough facts to support an Age Discrimination in Employment Act claim.

In her brief in response, the Plaintiff states that she clearly has shown legal grounds for relief under the Americans With Disabilities Act and the Age Discrimination in Employment Act, and has stated facts to support her claims. The Plaintiff's brief does not address her reference in the Complaint to the Rehabilitation Act, the hiring of a white male for a position, or her allegation of reliance on a representation as to continued employment.

The court agrees with the Defendant that the Complaint could be read to allege multiple claims. The Plaintiff's response, however, seemingly limits her claims to two. Rather than strike, on its own motion pursuant to Rule 12(f), portions of the Complaint upon which the Plaintiff apparently does not intend to rely, the court will grant the Motion for More Definite Statement and require the Plaintiff to state her claims for violation of the Americans With Disabilities Act and her Age Discrimination in Employment Act in two separate counts, and to identify allegations of fact upon which she relies in support of those separate claims.

---

1  Rule 8(a)(2) provides that a pleading that states a claim for relief must contain (2) a short and plain statement of the claim showing that the pleader is entitled to relief.

2  Rule 10 provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

## IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Motion for Definite Statement is GRANTED.  The Plaintiff is given until **June 5, 2015** to file a new, Amended Complaint, which is complete unto itself and which states her claims for violation of the Americans With Disabilities Act and her Age Discrimination in Employment Act in two separate counts, and identifies the allegations of fact upon which she relies in support of those separate claims.  The Amended Complaint must conform to all provisions of M.D. Ala. Local Rule 15.1.

Done this 22nd day of May, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE