# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **CAROLYN GAINES-VARNER,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL ACTION NO:** |
| | ) | **2:15-cv-116-WHA** |
| VS. | ) | |
| | ) | |
| **LEGAL SERVICES ALABAMA, INC.,** | ) | |
| an Alabama Corporation, | ) | |
| | **)** | |
| **Defendant**. | ) | |

### RESPONSE TO ORDER AND MOTION FOR LEAVE TO AMEND

**Comes now** the Plaintiff, by and through undersigned counsel, and responds to the court's order on Defendant's Motion for More Definite Statement as follows.

1. Plaintiff moves the court for leave to amend her complaint.

2. Plaintiff's complaint includes claims that are essential to her lawsuit but which, pursuant to the court's Order on the Defendant's Motion for More Definite Statement, were not adequately specified in the complaint.

3. These claims include allegations of Breach of Contract and Violations of the Rehabilitation Act.

4. More specifically, Plaintiff's breach of contract claim is based on the following material facts, the general basis of which are specified in the original complaint.  The relevant language Plaintiff seeks to specify is as follows:  "Plaintiff accepted the position of CED Advocacy Director upon Mr. Fry's assurance that Plaintiff would always have a job with Defendant as long as he was Executive Director.  Had she not accepted the position, she would have taken a lower position as a Staff Attorney or Managing Attorney, positions which she had occupied in the past, for which she was more qualified, and positons which were not eliminated. Such positions would have also ensured that Plaintiff would receive certain retirement benefits once she retired." (Attached Amended Complaint, 51.)

5. Plaintiff's claims under the Rehabilitation Act are factually the same as her claims under the Americans with Disabilities Act with the supplemented allegation that the Defendant receives federal grant monies.

6. The exclusion of these claims will work a material injustice upon the Plaintiff as such claims are essential to her recovery.

7. Additionally, the Defendant is not unduly inconvenienced or prejudiced as the Defendant has not provided material answers to the initial complaint.

Respectfully submitted,

/s/ Faya Rose Toure_____
FAYA ROSE TOURE  (SAN021)

FAYA ROSE TOURE (SAN021)
Attorney At Law
Post Office Box 1290
Selma, AL  36702

ATTORNEY FOR THE PLAINTIFF

<u>/s/ Faya Rose Toure</u>

**Faya Rose Toure  (SAN021)**

**OF COUNSEL:**

**CHESTNUT, SANDERS & SANDERS, LLC**
**One Union Street**
**P.O. Box 1290**
**Selma, AL  36702-1290**