IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAROLYN GAINES-VARNER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | 2:15cv116-WHA |
| LEGAL SERVICES ALABAMA, INC., ) | (wo) |
| an Alabama corporation, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion to Dismiss Plaintiff's Amended Complaint, or Portions thereof, and for Other Relief, filed by the Defendant, Legal Services Alabama, Inc. (Doc. #15).

The Plaintiff, Carolyn Gaines-Varner, filed a Complaint in this case on February 17, 2015 (Doc. #1).   The Complaint did not state separate counts for relief.

The court granted a Motion for More Definite Statement filed by the Defendant and gave the Plaintiff until June 5, 2015 to file a new Amended Complaint which states her claims for violation of the Americans With Disabilities Act and Age Discrimination in Employment Act in two separate counts.   (Doc. #10).

On June 8, 2015, the Plaintiff filed a Response to Order and Motion for Leave to Amend, attaching an Amended Complaint, and asking the court to allow her to add claims for breach of contract and violation of the Rehabilitation Act.   The court granted the Motion for Leave to Amend, and directed that the Amended Complaint be filed.   (Doc. #13).

In response to the Amended Complaint, the Defendant filed the instant Motion to Dismiss

the Amended Complaint, or Portions Thereof, and for Other Relief.   The Defendant argued that the Plaintiff's Amended Complaint did not comply with the court's earlier order, and also sought to dismiss Count Four of the Amended Complaint for failure to state a claim for breach of contract, stating that no facts have been pled to show that the Plaintiff was anything but an employee-at-will.   The Defendant also asked that if only Count IV of the Amended Complaint is dismissed, the Defendant be given 14 days to file an Answer.

For reasons to be discussed, the court concludes that the Motion to Dismiss is due to be GRANTED only as to Count IV of the Amended Complaint.

## II.   STANDARD FOR MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).   In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.   *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."   *Id.* at 570.   The factual allegations   "must be enough to raise a right to relief above the speculative level."   *Id.* at 555.

### III.  DISCUSSION

The Defendant argues that the Plaintiff's Amended Complaint does not comply with this court's Order allowing for amendment of the Complaint to re-plead two claims.   The court, however, granted an intervening Motion by the Plaintiff seeking to file an Amended Complaint which also included a breach of contract and Rehabilitation Act claim.   (Doc. #13).

The Defendant argues specifically with regard to Count IV of the Amended Complaint that the Plaintiff has failed to state a claim for breach of contract because she has not alleged that she was not an at-will employee.   The Defendant argues that simply accepting a promotion within an organization is not sufficient consideration to set aside the at-will doctrine, and cites *Turner v. Newsome*, 3 So. 3d 913, 917 (Ala. Civ. App. 2008).   The Defendant also states that that the Plaintiff has never contended that she provided additional consideration to her employer for permanent employment, only that she was given additional consideration.

The Plaintiff argues in her brief that the fact that she has pled a breach of contract implies a valid contract claim, and that discovery will show that she was paid additional consideration when she accepted the position of Advocacy Director.   The Plaintiff states that although she did not plead it in her Amended Complaint, she expects to show through discovery that she was granted a raise as part of her accepting a new position.

In *Turner*, the court explained that three elements are needed to demonstrate that a permanent employment contract and not an at-will contract exists:   (1) there was a clear and unequivocal offer of lifetime employment, (2) that the hiring agent had authority to bind the principal, and (3) that the **employee** provided substantial consideration for the contract separate

from the services to be rendered.  *Id.*  (emphasis added).

Even considering the Plaintiff's brief to be a showing of what she would include in an Amended Complaint were the court to allow an additional amendment to add factual allegations, the court cannot conclude that the Plaintiff can state a plausible claim for breach of contract.  In setting out the *Turner* elements in her brief, the Plaintiff acknowledges that it was her employer who provided the identified additional consideration.  (Doc. #17 at p.2) (stating "(3) Plaintiff during that offering negotiated and was given an additional amount of money, in addition to her services as CED advocacy director.").  Her allegation in her brief, therefore, of consideration paid by her employer to her does not satisfy the *Turner* standard, and she has otherwise failed to allege in the Amended Complaint sufficient facts to state a plausible claim of breach of contract for lifetime or permanent employment.

## IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Motion to Dismiss Plaintiff's Amended Complaint, or Portions Thereof, and for Other Relief (Doc. #15) is GRANTED to the extent that Count IV of the Amended Complaint is DISMISSED.

The Defendant is given 14 days from the date of this Memorandum Opinion and Order to file an Answer to the Amended Complaint.

 Done this 29th day of July, 2015.

 /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE